42 C.C.P.A.(Patents)

### Application of Sigurd I. LINDELL.
### Patent Appeal No. 6074.

United States Court of Customs and Patent Appeals.
Feb. 8, 1955.

Robert R. Lockwood, Chicago, Ill. (Harris C. Lockwood and George R. Jones, Washington, D. C., of counsel), for appellant.

E. L. Reynolds, Washington, D. C. (H. S. Miller, Washington, D. C., of counsel), for Commissioner of Patents.

Before O'CONNELL, Acting Chief Judge, and JOHNSON, WORLEY and COLE, Judges.

O'CONNELL, Acting Chief Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner finally rejecting, as unpatentable over the disclosure of the prior art, claims 40–45 in appellant's application for a patent on an invention which relates, generally, to switch construction for opening high voltage alternating circuits and, particularly, to switches that are capable of interrupting load, magnetizing, or charging currents. Fifteen claims, 7–19 and 35–36 were allowed.

Of the rejected claims No. 40 was regarded by the board as representative of the involved subject matter:

"40. In a switch for opening and closing high voltage alternating current circuits under load, in combination, a pair of stationary switch contacts in insulated spaced relation to which line conductors can be connected, a load interrupter connected to each contact including separable load interrupting contacts and arc extinguishing means therefor arranged and adapted to effect load current interruption without external arcing likely to fault the circuit and without limitation as to their plane of location whereby the switch can be used for vertical, horizontal and underhung mounting, a switch blade rotatably mounted between its ends for completing the circuit between said line conductors by sidewise engagement from opposite directions at its ends with said switch contacts and for opening said circuit by sidewise disengagement in opposite directions therefrom, a disconnecting contact at each end of said switch blade for engaging the load interrupter thereat to maintain said circuit therethrough after separation of said switch blade from said switch contacts during its initial rotation away therefrom, and interengaging interlocking means on each load interrupter and the corresponding end of said switch blade for positively operating said load interrupters on further rotation of said switch blade so that neither load interrupter can operate ahead of the other and to open their load interrupting contacts at substantially the same point in a cycle of the load current to draw arcs therebetween to be extinguished by their respective arc extinguishing means prior to disengagement of said disconnecting contacts from their respective load interrupters, said disconnecting contacts disengaging said load interrupters on still further rotation of said switch blade and being fully deenergized, said switch blade when rotated in the reverse direction effecting the aforesaid operations in reverse sequence."

The principal reference relied upon in the rejection of the claims was the patent to Lindell et al., No. 2,351,826, issued June 20, 1944, on an application filed August 2, 1940 by appellant and another for an invention relating, generally, to disconnecting switches, particularly those adapted to be opened under load. The rejection was made in view of the further disclosure of the cited patent to Young, 1,209,792, issued December 26, 1916, on an application filed December 11, 1913, for certain new and useful improvements in switches for

outdoor use, among other things; particularly that form of switch in which the movable member is adapted to rotate about an intermediate point whereby a circuit is broken simultaneously at two points when desired regardless of the snow and ice which may be gathered on the switch.

The dates hereinbefore enumerated have been relied upon by the Solicitor for the Patent Office as a rebuttal of the contention asserted by appellant that the features defined by the limitations of the rejected claims constituted the answer to the unsolved problem which had long been sought by experts in the art.

The board adopted the construction of the combination in issue as set forth in the examiner's statement. We shall do the same, omitting numerical references to the elements disclosed by the drawing, which we deem unnecessary to reprint as part of our decision. As thus noted by the examiner:

"The invention relates to a high voltage disconnect switch of the type having a load interrupter device which acts to break the circuit after the disconnect switch has been opened. Referring to Figure 1 of the drawing, the switch comprises a switch blade pivoted at the center and carrying on each end a disconnect contact and a tip having a main contact. Disposed adjacent the ends of the contact arm are load interrupter devices. As the switch arm begins to move to open circuit position, main contacts separate as the disconnect contact engages the housing of the interrupter unit. The path of the current is then transferred from the main contacts through the disconnect contact to the housing of the interrupter device and thence through the contacts of the interrupter device to the terminal. As the switch arm continues its opening movement it engages an arm of the load interrupter which operates the load interrupter and thus breaks the circuit inside the interrupter device. As the switch arm continues moving, disconnect contact leaves housing and the arm moves to its full open position."

The "Résumé of the References," was thus described in the statement of E. R. Reynolds, Examiner, Division 37:

"The patent to Lindell shows a disconnect switch having a load interrupter device which operates in the same manner as applicant's switch. Lindell's switch comprises a switch blade carrying a main contact and a disconnecting contact, a load interrupter, and interengaging interlocking means on the load interrupter and the switch blade for actuating the load interrupter after the main switch contacts separate. The patent to Young shows a high voltage switch having a switch blade pivoted in the center with a contact and arc dissipating means at each end."

The examiner took the position, and the board in affirming his decision was in complete agreement with the reasoning upon which his action was based, that in view of the patent to Young, modifying the elements of the principal reference so as to pivot the previously disclosed switch arm at the center and to add duplicate switch mechanism to the opposite end, as appellant has done in the instant case, would merely constitute a duplication of parts, an expedient which would nowise involve invention.

The examiner, as the board noted, applied in detail, by way of comparison the previous disclosure of Lindell et al. to the subject matter defined by the limitations of claim 40 herein and accurately pointed out that the only difference which was thus established was met by the patent to Young. It is obvious that appellant's application has been thoroughly and appreciatively considered by the tribunals of the Patent Office. The meritorious invention defined by the comparatively large number of al-

lowed claims is a testimonial to that fact. Appellant has advanced here certain inapposite arguments relative to commercial success; the applicability of the references; the long existence in the art of an unsolved problem; and failure of the board to give due consideration to the erroneous action by the examiner. There is no merit whatever in any of these contentions, and the decision of the Board of Appeals, for the reasons stated in its thorough opinion, covering every phase of the subject matter contested before it, is hereby affirmed.

Affirmed.

On account of illness, GARRETT, Chief Judge, did not participate in the hearing or decision of this case.